February 8, 2024

This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records. This request seeks expedited processing.

I request disclosure from the FBI the following records:

1. A copy of the FBI's investigative case file (including opening and closing memorandum) referencing the FBI search of President Joe Biden's residence and think tank where classified records were found and retrieved.

2. All FD-302s or other transcripts or summaries of interviews (handwritten and typed) FBI agents conducted with individuals as part of Special Counsel Robert Hur's investigation of President Biden's handling of classified records found at his residence and think tank.

3. Letters, memos, reports, emails documenting the FBI's formal requests for a classification review from other executive branch/federal government agencies related to the classified documents retrieved from President Biden's residence and think tank and the final responses the agencies sent to FBI.

According to Special Counsel Robert Hur's report: "The FBI and the Special Counsel's Office undertook an extensive investigation into Mr. Biden's handling of classified information and of the classified documents the FBI seized. We applied our best efforts to conduct the investigation thoroughly and expeditiously. Investigators conducted 173 interviews of 147 witnesses, including Mr. Biden himself."

Reasonably Foreseeable Harm. The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall"

(i) withhold information under this section only if"

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record

**Exhibit 1**

is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

FBI and its components should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part.

**EXPEDITED PROCESSING**

On Feb. 8, 2024, the Department of Justice released a 388-page copy of Special Counsel Robert Hur's report of his year-long investigation into President Biden's handling of classified papers during his tenure as Vice President. Although the report recommended that the president not face criminal charges the substance of the findings were a scathing critique of President Biden's duty to protect classified information and raise numerous issues about his memory, both of which will no doubt become an issue during the hotly contested 2024 presidential campaign where President Biden will likely square off against former President Trump who is facing a criminal trial over his handling of classified presidential records.

The statements in Special Counsel Hur's report about President Biden's memory failures during his interview with the Special Counsel's office raise questions about his fitness to serve as president for a second term but importantly beg for additional context so the public can see first hand how questions were presented and what President Biden's full answers were.

Moreover, President Biden's White House counsel and his personal lawyer responded to Special Counsel Hur's report in a five-page letter that sharply critiqued some of the report's findings, notably Mr. Hur's statements about the President's memory, which the lawyers strongly suggested was tantamount to Mr. Hur editorializing.

This raises serious questions about the veracity of the substance of the report and whether it was truly based on a factual representation of the witnesses statements as well as President Biden's responses or whether Special Counsel Hur inserted his own commentary for partisan political purposes during an election year.

There is no question there is an overwhelming public interest in this matter and that the transcripts will reveal actual or alleged federal government activity.

As senior investigative reporter at Bloomberg News, I am a full-time member of the news media. I therefore qualify as a person primarily engaged in disseminating information. The very purpose of the FOIA is to lessen the public's dependency on official government statements and open the underlying documents to public scrutiny. This is clearly an instance in which expedited processing of a FOIA request is warranted. These records are not being requested for commercial purposes. I intend to use these records to write news stories and inform the public.

I certify the foregoing to be true and correct to the best of my knowledge and belief.  _/s/_____JL_____ Jason Leopold

FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I am a senior investigative reporter for Bloomberg News and formerly senior investigative reporter for BuzzFeed News and formerly senior investigative reporter and on-air correspondent for VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America. I am filing this request on behalf of myself and Bloomberg News,

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

**I will appeal any denial of my request for a waiver administratively and to the courts if necessary.**



Jason Leopold <jasonleopold@gmail.com>

# eFOIA Request Received
1 message

**efoia@subscriptions.fbi.gov** <efoia@subscriptions.fbi.gov>  Thu, Feb 8, 2024 at 2:24 PM
To: jasonleopold@gmail.com

## Individual Information

| | |
|---|---|
| Prefix | |
| First Name | Jason |
| Middle Name | |
| Last Name | Leopold |
| Suffix | |
| Email | jasonleopold@gmail.com |
| Phone | |
| Location | United States |

## Domestic Address

| | |
|---|---|
| Address Line 1 | |
| Address Line 2 | |

Exhibit 2

| | |
|---|---|
| City | Beverly Hills |
| State | California |
| Postal | 90210 |

## Agreement to Pay

| | |
|---|---|
| How you will pay | I am requesting a fee waiver for my request and have reviewed the FOIA reference guide. If my fee waiver is denied, I am willing to pay additional fees and will enter that maximum amount in the box below. |
| Allow up to $ | 25 |

## Proof Of Affiliation for Fee Waiver

| | |
|---|---|
| **Waiver Explanation** | I am a senior investigative reporter for Bloomberg News and formerly senior<br>investigative reporter for BuzzFeed News and formerly senior investigative<br>reporter and on-air correspondent for VICE News. Additionally, my reporting<br>has been published in The Guardian, The Wall Street Journal, The Financial<br>Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout,<br>Al Jazeera English and Al Jazeera America. I am filing this request on<br>behalf of myself and Bloomberg News,<br><br>I request a complete waiver of all search and duplication fees. If my<br>request for a waiver is denied, I request that I be considered a member of<br>the news media for fee purposes.<br><br>Under 5 U.S.C. Â§552(a)(4)(A)(iii), â€œDocuments shall be furnished without any<br>charge ... if disclosure of the information is in the public interest<br>because it is likely to contribute significantly to public understanding of<br>the operations or activities of the government and is not primarily in the<br>commercial interest of the requester.â€ Disclosure in this case meets the<br>statutory criteria, as the records sought to detail the operations and<br>activities of government. This request is also not primarily in my<br>commercial request, as I am seeking the records as a journalist to analyze<br>and freely release to members of the public.<br><br>If I am not granted a complete fee waiver, I request to be considered a<br>member of the news media for fee purposes. I am willing to pay all<br>reasonable duplication expenses incurred in processing this FOIA request.<br><br>I will appeal any denial of my request for a waiver administratively and to<br>the courts if necessary. |
| **Documentation Files** | |

# Non-Individual FOIA Request

**Request Information**

```
I request disclosure from the FBI the following records:

1. A copy of the FBI's investigative case file (including opening and
closing memorandum) referencing the FBI search of President Joe Biden's
residence and think tank where classified records were found and retrieved.
2. All FD–302s or other transcripts or summaries of interviews (handwritten
and typed) FBI agents conducted with individuals as part of Special Counsel
Robert Hur's investigation of President Biden's handling of classified
records found at his residence and think tank.
3. Letters, memos, reports, emails documenting the FBI's formal requests for
a classification review from other executive branch/federal government
agencies related to the classified documents retrieved from President
Biden's residence and think tank and the final responses the agencies sent
to FBI.

According to Special Counsel Robert Hur's report: "The FBI and the Special
Counsel's Office undertook an extensive investigation into Mr. Biden's
handling of classified information and of the classified documents the FBI
seized. We applied our best efforts to conduct the investigation thoroughly
and expeditiously. Investigators conducted 173 interviews of 147 witnesses,
including Mr. Biden himself."

Reasonably Foreseeable Harm. The FOIA Improvement Act of 2016 amended the
FOIA as follows (5 USC 552(a)(8)):

(A) An agency shallâ€"

(i) withhold information under this section only ifâ€"

(I) the agency reasonably foresees that disclosure would harm an interest
protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii) (I) consider whether partial disclosure of information is possible
whenever the agency determines that a full disclosure of a requested record
is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt
information. . . .

FBI and its components should not fail to meet the requirements of Section
552(a)(8) when processing my request and release responsive records to me in
```

```
full or at least in part.
```

## Expedite

| | |
|---|---|
| **Expedite Reason** | On Feb. 8, 2024, the Department of Justice released a 388-page copy of<br>Special Counsel Robert Hur's report of his year-long investigation into<br>President Biden's handling of classified papers during his tenure as Vice<br>President. Although the report recommended that the president not face<br>criminal charges the substance of the findings were a scathing critique of<br>President Biden's duty to protect classified information and raise numerous<br>issues about his memory, both of which will no doubt become an issue during<br>the hotly contested 2024 presidential campaign where President Biden will<br>likely square off against former President Trump who is facing a criminal<br>trial over his handling of classified presidential records.<br><br>The statements in Special Counsel Hur's report about President Biden's<br>memory failures during his interview with the Special Counsel's office raise<br>questions about his fitness to serve as president for a second term but<br>importantly beg for additional context so the public can see first hand how<br>questions were presented and what President Biden's full answers were.<br><br>Moreover, President Biden's White House counsel and his personal lawyer<br>responded to Special Counsel Hur's report in a five page letter that sharply<br>critiqued some of the report's findings, notably Mr. Hur's statements about<br>the President's memory, which the lawyers strongly suggested was tantamount<br>to Mr. Hur editorializing.<br><br>This raises serious questions about the veracity of the substance of the<br>report and whether it was truly based on a factual representation of the<br>witnesses statements as well as President Biden's responses or whether<br>Special Counsel Hur inserted his own commentary for partisan political<br>purposes during an election year.<br><br>There is no question there is an overwhelming public interest in this matter<br>and that the transcripts will reveal actual or alleged federal government<br>activity.<br><br>As senior investigative reporter at Bloomberg News, I am a full-time member<br>of the news media. I therefore qualify as a person primarily engaged in<br>disseminating information. The very purpose of the FOIA is to lessen the<br>public's dependency on official government statements and open the |

```
                underlying documents to public scrutiny. This is clearly an
                instance in
                which expedited processing of a FOIA request is warranted.
                These records are
                not being requested for commercial purposes. I intend to use
                these records
                to write news stories and inform the public.

                I certify the foregoing to be true and correct to the best of
                my knowledge
                and belief.  /s/          JL             Jason Leopold
                Fee Information
```

\*\*

Please be advised that efoia@subscriptions.fbi.gov is a no-reply email address. Questions regarding your FOIA request may be directed to foipaquestions@fbi.gov. If you have received a FOIPA request number, please include this in all correspondence concerning your request. Please note eFOIA requests are processed in the order that they are received. If you have not received a FOIPA request number, your request is in the process of being opened at which time it will be assigned a FOIPA request number and correspondence will be forthcoming.

\*\*

Upon receipt of your FOIPA request number, you may check the status of your FOIPA request on the FBI's electronic FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request tool' link. Status updates are performed on a weekly basis. If you receive a comment that your FOIPA request number was not located in the database, please check back at a later date.